```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARPENTERS HEALTH and WELFARE FUND of PHILADELPHIA and VICINITY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>TABOR ACOUSTICAL, INC.,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 11-6779(JBS/AMD)<br><br><br>**MEMORANDUM OPINION** |

**SIMANDLE,** Chief Judge:

   This matter is before the Court on a motion by Defendant Tabor Acoustical, Inc. to vacate default.  [Docket Item 16.] THE COURT FINDS AS FOLLOWS:

   1.   In their Amended Complaint, Plaintiffs allege that Defendant failed to meet the terms of a collective bargaining agreement(s) and the agreements and declarations of trust of the Funds.  (Am. Compl. at 15 & 19) [Docket Item 11.]  They allege Defendant did not pay Plaintiffs as required by the collective bargaining agreement. Plaintiffs further allege Defendant failed to pay contributions to the Plaintiff Funds in violation of 20 U.S.C. § 1145, and, as a result, the Funds have been damaged. Plaintiffs seek injunctive relief and monetary damages.  (Am. Compl. at 19 & 25.)

1

2. Plaintiffs filed their original Complaint on November 17, 2011. Defendant answered the Complaint on December 16, 2011. [Docket Item 6.] Plaintiffs filed an Amended Complaint on March 21, 2012. [Docket Item 11.] On May 1, 2012, twenty-six days after filing the Amended Complaint, Plaintiffs requested entry of default. [Docket Item 14.] The Clerk entered default against Defendant on May 2, 2012. [Docket Item 15.] Coincidentally, Defendant had filed an answer to the Amended Complaint also on May 2, 2012, earlier in the day according to the docket. [Docket Item 15.] On May 3, 2012, Defendant filed the present motion to vacate default. [Docket Item 16.]

3. The Federal Rules of Civil Procedure provide that "the court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). The United States Court of Appeals for the Third Circuit leaves the decision to vacate the entry of default or a default judgment to the "sound discretion of the [trial] court." Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). However, "[the Third Circuit] has adopted a policy disfavoring default judgments and encouraging decisions on the merits." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). In exercising its discretion to vacate entry of a default or a default judgment, the Court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether

the default was the result of the defendant's culpable conduct. <u>United States v. $ 55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194-195 (3d Cir. 1984). Finally, the standard for vacating a default entry is less stringent than for vacating a default judgment. <u>Feliciano v. Reliant Tooling Co., Ltd.</u>, 691 F.2d 653, 656 (3d Cir. 1982).  Applying these factors to the instant case, the Court determines that default should be vacated.

  4. Plaintiffs will not be prejudiced if default is set aside.  Prejudice may be shown if "the non-defaulting party's ability to pursue the claim has been hindered since the entry of default."  <u>Feliciano</u>, 691 F.2d at 657.  "[L]oss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment" may support a finding of prejudice.  <u>Id.</u>  In this case, Plaintiffs have only requested entry of default as yet and indicated they would refrain from pursuing a default judgment so long as settlements talks with Defendant progressed. (Pl.'s Resp. to Def.'s Mot. to Set Aside Default at 8.)  Moreover, Plaintiffs have not suggested their claim would be prejudiced in any way if the default is vacated. <u>See</u> <u>Farnese v. Bagnasco</u>, 687 F.2d 761, 764 (3d Cir. 1982) (discussing lack of evidence that plaintiff would be prejudiced by vacating the default weighs in favor of defendant).  Finally, Defendant answered the Amended Complaint the same day default was entered, and the Court notes Defendant alleges Plaintiffs'

3

counsel was aware Defendant intended to defend this case. (Def.'s Mot. to Set Aside Default at 10.)  Indeed, that fact could be no mystery to Plaintiff's counsel since the Defendant had filed an answer to the original Complaint and had appeared in the case. As a result, vacating the default will not prejudice Plaintiffs; instead, it will enable the Court to reach a decision on the merits of the case, which is the encouraged policy of this Circuit.  Thus, the Court finds the Plaintiffs will not be prejudiced.

    5.   Defendant has advanced a meritorious defense. Whether Defendant has a meritorious defense is a "threshold question"; without a meritorious defense "there would be no point in setting aside the default judgment." U.S. v. $ 55,518.05 in U.S. Currency, 728 F.2d at 195.  A meritorious defense is shown when defenses raised in a defendant's answer, if proven at trial, would constitute a complete defense. Tozer, 189 F.2d at 244. The Defendant's answer must contain specific facts beyond the general denials and conclusory statements. U.S. v. $ 55,518.05 in U.S. Currency, 728 F.2d at 195.  In this case, Defendant's Answer to Plaintiffs' Amended Complaint addressed each of Plaintiffs' claims and raised eighteen affirmative defenses. Defendant's answer lacks specific facts and mainly consists of conclusory statements; however, the Plaintiff has not raised this issue. Consequently, the Court will assume that

4

the Defendant has advanced a meritorious defense that warrants vacating the default.

6.   Defendant's default was not the result of culpable conduct. "[C]ulpable conduct means actions taken willfully or in bad faith." Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 124 (3d Cir.1983)(citing Feliciano, 691 F.2d at 657). Defendant concedes that Plaintiffs' Request for Default was legally correct.  (Def.'s Mot. to Set Aside Default at 10.) However, Defendant argues its failure to timely answer the Amended Complaint was an honest and justifiable mistake on the part of the Defendant's counsel and not the result of willful or culpable conduct. On the other hand, Plaintiffs argue the Defendant was well aware of the impending deadline but simply failed to answer or continue the settlement talks. Plaintiffs do not allege the Defendant's default was willful or in bad faith. Either way, the Court cannot find any evidence Defendant's default resulted from willful or culpable conduct.

7.   In sum, the Court will grant Defendant's motion to vacate default. The accompanying Order will be entered.


 June 4, 2012                       s/ Jerome B. Simandle
DATE                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge

5